IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.    Civil Action No. 3:18CV80

JODY JAMES-WOODS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Complaint

In her Complaint, Prasad names as Defendants Jody James-Woods, an employee of the Supreme Court of Virginia, the Supreme Court of Virginia "The People," and Hamilton Hendrix, an individual named in the majority of her prior actions. (Compl. 1–2, ECF No. 1.)[2] Prasad filed this action on a form for filing a *Bivens*[3] action; however, as Prasad does not allege that any of the named Defendants acted under color of federal authority, *see Williams v. Burgess*, No. 3:09CV115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citation omitted), the Court construes this action as one brought pursuant to 42 U.S.C. § 1983.

Prasad is currently detained pending her trial in the Circuit Court for the City of

---

[2] In light of Prasad's litigious history in this Court and the frivolous nature of this action, the Court did not instruct Prasad to file a particularized complaint. The Court employs the pagination assigned by the CM/ECF docketing system to Prasad's submissions. The Court corrects the capitalization in the quotations from Prasad's submissions.

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

3

Hampton, Virginia. Prasad alleges that Defendants James-Woods and the Supreme Court of Virginia "The People" have given her the "run-around," have been rude in their correspondence with Prasad, and have mishandled her filings. (*Id.* at 5–6.) Prasad indicates that Hendrix has violated her constitutional rights "by lying to keep [her] incarcerated." (*Id.* at 6.) Prasad requests monetary damages and to "waive every . . . [filing] fee." (*Id.* at 7.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Prasad's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

#### A. Supreme Court of Virginia and James-Woods

From Prasad's allegations, it appears that James-Woods is an employee of the Clerk's Office of the Supreme Court of Virginia. Judicial immunity applies to quasi-judicial officers acting pursuant to court directives. *See Butler v. Johnson*, No. 1:07cv1196 (GBL/TRJ), 2007 WL 4376135, at *3 (E.D. Va. Dec. 12, 2007) (citing *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)). "[Q]uasi-judicial" immunity shields court officers from the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see McCray v. Maryland*, 456 F.2d 1, 5 n.11 (4th Cir. 1972) (holding that clerks have "derivative immunity" when they act under the direction of the court). Clerks are entitled

to quasi-judicial immunity when they perform "judicial act[s] . . . having an integral relationship with the judicial process." *Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (alteration in original) (citation omitted).

Prasad complains that James-Woods mishandled her filings with the Supreme Court of Virginia and was rude to Prasad. Prasad fails to allege that Defendant James-Woods's actions fall outside of her judicially mandated duties. Thus, she is immune from suit. *See, e.g., Wymore*, 245 F. App'x at 783 (finding clerk entitled to quasi-judicial immunity when refusing to file inmate's court documents); *Hutcherson v. Priest*, No. 7:10-CV-00060, 2010 WL 723629, at *3 (W.D. Va. Feb. 26, 2010); *Butler*, 2007 WL 4376135, at *3. Accordingly, Prasad's claims against Defendant James-Woods will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim.

Next, Prasad has named the Supreme Court of Virginia as a Defendant.[4] In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99-6950, 2000 WL 20591,

---

[4] Prasad included "The People" after the Supreme Court of Virginia in the caption. (Compl. 2.) Prasad explains that her "issues seem to lie with 'the people' of the Supreme Court of Virginia." (Compl. 5.) As it makes no difference for the Court's analysis, the Court simply refers to the Supreme Court of Virginia alone as a Defendant.

5

at *1 (4th Cir. Jan. 13, 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Thus, neither the Supreme Court of Virginia nor "the People" are persons amenable to suit under 42 U.S.C. § 1983. *See Oliva v. Boyer*, No. 98–1696, 1998 WL 647405, at *1 (4th Cir. Sept. 11, 1998) (concluding "the Defendant court system" is not a person amenable to suit under 42 U.S.C. § 1983); *Lamb*, 2013 WL 526887, at *2–3. Accordingly, Prasad's claims against the Supreme Court of Virginia will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim.

### B. Hamilton Hendrix

Prasad once again names Hamilton Hendrix as a Defendant. In a previous case, Prasad described Hendrix as her "ex boyfriend, drug dealer and addict, rapist and alcoholic." *Prasad v. Hampton Circuit Court*, No. 3:17CV204, 2018 WL 2452956, at *5 (E.D. Va. May 31, 2018). Prasad now contends that Hendrix has violated her constitutional rights "by lying to keep [her] incarcerated." (Compl. 6.) Prasad fails to plausibly suggest that Hendrix acted under color of state law. Therefore, Hendrix is not a state actor amenable to suit under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))). Accordingly, her claims against Hendrix will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim.[5]

---

[5] Given Prasad's litigation history and because of the frivolous and malicious nature of her claims, the Court will dismiss these claims and the action WITH PREJUDICE. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997).

## IV. Conclusion

For the foregoing reasons, Prasad's claims will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous. The action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: JUN 26 2018
Richmond, Virginia

7